**LOCAL 715, UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA and International Union of United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Plaintiffs,**

v.

**MICHELIN AMERICA SMALL TIRE f/k/a Uniroyal Goodrich Tire Company, A wholly owned subsidiary of Groupe des Establishments Michelin, Defendant.**

No. 1:93–CV–324.

United States District Court, N.D. Indiana, Fort Wayne Division.

Feb. 9, 1994.

**1398**

See also 848 F.Supp. 1400.

Ralph R. Blume, Blume Connelly Jordan Stucky and Ulmer, Fort Wayne, IN, Craig D. Doyle, Gene R. Leeuw, Joseph W. Murphy, Klineman Rose Wolf and Wallack, Indianapolis, IN, Larry J. Burke, Fort Wayne, IN, for plaintiff Local 715 United Rubber, Cork, Linoleum and Plastic Workers of America, in its own behalf and in behalf of its individual members.

Craig D. Doyle, Gene R. Leeuw, Joseph W. Murphy, Klineman Rose Wolf and Wollack, Indianapolis, IN, Larry J. Burke, Fort Wayne, IN, Charles R. Armstrong, Carolyn T. Wonders, Akron, OH, for plaintiff Intern. Union of URW, AFL–CIO–CLC.

J. Michael O'Hara, Thomas M. Kimbrough, Barrett and McNagny, Fort Wayne, IN, Steve Nail, Legal Dept., Michelin Tire, Greenville, SC, Harley M. Kastner, David P. Hiller, Millisor and Nobil, Cleveland, OH, for defendant Michelin America Small Tire, A wholly owned subsidiary of Groupe Michelin/Compagnie Generale des Establishments Michelin fka Uniroyal Goodrich T.

Joseph W. Shull, Special Master, pro se.

Herbert C. Snyder, Jr., Special Master, pro se.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on plaintiff's, International Union of United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, CLC (hereinafter: "URW International"), Petition for Special Masters and Certain Other Ancillary Relief. Specifically, plaintiff requests this court to appoint two (2) Special Masters to oversee the conduct of a secret ballot vote by the membership of URW Local 715 (hereinafter: "Local 715") on whether to accept or reject the final contract offer of defendant, Michelin America Small Tire f/k/a Uniroyal Goodrich Tire Company (hereinafter: "the Company"). The URW International further requests the court to provide such other relief as is necessary so that the Local 715 membership may freely vote in a secure and orderly fashion.

Plaintiff seeks this relief under this court's retained jurisdiction of this matter and the court's authority to direct pretrial conferences in aid of settlement pursuant to the Federal Rules of Civil Procedure, the Civil Justice Reform Act, the Seventh Circuit Court of Appeals case of *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir.1989) and this court's Order of December 20, 1993. For the following reasons, the court hereby GRANTS the URW International's Petition.

### Factual Background

In support of its Petition, the URW International cites Article IV, Section 3, Subparagraph (e) of the URW Constitution which states:

The International President shall have authority to call and/or preside at special

meetings of Local Unions whenever he/she deems such meetings necessary to protect the interests of the organization. When such a meeting is called, the membership and officers of the Local Union will be given at least forty-eight (48) hours notice. He/She shall have power to delegate the authority to call and/or preside at such special meetings to any representative he/she may name provided such delegation of authority is written and bears the seal of the URW.

The URW International also states that by being an affiliate of the URW International, Local 715 has agreed to abide by the provisions of the URW Constitution. The Constitution of the URW represents a contract between the URW International and Local 715. *See, United Ass'n of Journeymen, etc. v. Local 334, Etc.,* 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981).

The URW International further states that in the course of recent negotiations between the Company and the two labor organizations, the Company has presented its "final offer" and has remarked that it must have an indication of whether the local union leadership will accept this offer as a "tentative agreement" or whether it will allow the membership to vote on the final offer by February 9, 1994. Absent a response by that time, the Company will only be able to engage in what is known as "effects bargaining." In short, the "final offer" would die—having never been considered by the Local 715 membership.

Local Union 715 President Ray E. Wiseman indicated in open court that he is unwilling to submit the Company's final offer to the membership for a vote. The URW International indicates numerous members of Local 715 have contacted the URW International expressing a desire to vote on the Company's final offer.

Thus, the URW International states that unless it intervenes, the membership of Local 715 will be permanently denied the right to vote on whether to accept or reject the Company's final offer. Therefore, the International President has invoked Article IV, Section 3, Subparagraph (e) and intends to call a special meeting of the Local 715 membership on Saturday, February 12, 1994.

## Discussion

Notably, the URW International's Petition does not ask this court to order a vote on the Company's final offer. Indeed, the URW International itself is committed to such action. However, the URW International does request the aid of the court in a rather limited way: simply overseeing a vote at a special meeting to be held on Saturday, February 12, 1994, as ordered by the URW International pursuant to its Constitution. The URW International argues that unless the Local 715 membership is afforded a secure, meaningful opportunity to vote on the Company's final offer, one party to this litigation, the membership of Local 715, will have been denied the opportunity to fully respond to another party's settlement offer. This is, of course, the precise premise upon which the court acted on December 20, 1993, in ordering a special vote of the Local 715 membership.

Consistent with that earlier view, the URW International's Petition is well taken. Once again, this case can only settle if one of the parties, the actual membership of Local 715, can speak to a pending offer of settlement through the voting process. Therefore, in the aid of settlement, and under the court's authority as expressed more fully in its Order of December 20, 1993, the court will appoint two (2) Special Masters pursuant to Rule 53 of the Federal Rules of Civil Procedure to administer a vote on Saturday, February 12, 1994, as ordered by the President of the URW International pursuant to its Constitution.

Furthermore, to ensure that members of Local 715 may freely vote in a secure and orderly fashion, the court hereby directs the United States Marshals Service to provide deputy United States Marshals at the times and places designated for voting. The times and places for voting shall be as established by the Special Masters and the URW International. The United States Marshals Service shall be entitled to recovery of its costs

and expenses incurred in this matter as provided in 28 U.S.C. § 1921(a)(1)(H).